**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| CARLOS BARROS-VILLAHERMOSA,<br><br>    Plaintiff,<br><br>        v.<br><br>COMMONWEALTH OF PUERTO RICO, ET ALS.,<br><br>    Defendants. | CIV. NO. 09-1524 (PG) |

**OPINION AND ORDER**

Pending before the Court is co-defendant Jose M. Muñiz-Cruz's motion to dismiss (Docket No. 46). For the reasons set forth below, the Court **GRANTS** his request.

**I. BACKGROUND**

On June 11, 2008, plaintiff Carlos Barros-Villahermosa ("Barros" or "Plaintiff") filed the above-captioned claim against the Commonwealth of Puerto Rico ("Commonwealth"), the Puerto Rico Police Department ("PRPD"), Jose M. Muñiz-Cruz ("Muñiz"), Jesus M. Torres-de Leon ("Torres"), Edwin Rivera-Angel ("Rivera"), and Victor Acevedo-Tirado ("Acevedo") (hereinafter collectively referred to as "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"); 42 U.S.C. § 1985 ("Section 1985"); Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq. ("Title VII"); Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141-5142 ("Article 1802" and "Article 1803"). Pursuant to this Court's orders of December 29, 2009 (Dockets No. 43-44), all claims against the Commonwealth, the PRPD, Acevedo and Rivera, as well as all claims pursuant to Title VII and Article 1803 were dismissed. Remaining before the Court then are Plaintiff's claims against co-defendants Muñiz and Torres in their individual capacity.

In the complaint, Plaintiff alleges that he worked as a United States Customs and Border Protection Officer assigned to the Luis Muñoz Marín International Airport ("Airport") from September of 2002 until May of 2004. See Docket No. 1 at ¶¶ 14-16. At all relevant times herein, defendants Muñiz and Torres were employed by the PRPD. Muñiz worked at the Criminal Investigation Division in Carolina, whereas Torres allegedly worked at the Airport. See id. at ¶¶ 9-10.

CIV. NO. 09-1524 (PG)                                                              Page 2

On or about May 10, 2004, Barros was allegedly summoned by Puerto Rico authorities and accused of aggravated unlawful appropriation in connection with his alleged removal of an access decal from an abandoned police car. Barros allegedly informed his superiors that the accusation was frivolous and false, and the agency he worked for performed an internal investigation. See id. at ¶¶ 18-21. On that same date, a local court found probable cause against Barros and he was placed on administrative leave. See id. at ¶¶ 30-31. Then, on May 24, 2004, Barros claims he was forced to resign. See id. at ¶ 38. According to Plaintiff, co-defendants Muñiz and Torres were the police officers who actively participated in the criminal procedures against him. See Docket No. 1 at ¶ 22. Plaintiff contends that their accusations were frivolous and that they were acting under color of law when they directly and personally participated in the malicious prosecution against him. See id. at ¶¶ 22-23.

Plaintiff further avers that during a preliminary hearing held on November 23, 2004, a local court found no probable cause against Plaintiff, but that on that same date, co-defendant Acevedo issued an order to file the same criminal charges against Barros. See id. at ¶¶ 35-36. However, during a preliminary hearing on appeal against Plaintiff held on December 10, 2004, the court once again found no probable cause against Barros. See id. at ¶ 37.

Plaintiff claims that he has not only suffered emotional damages as a result of the aforementioned, but was also denied a contract guard position with the U.S. Marshals Service for the District of Puerto Rico. Consequently, Plaintiff seeks monetary damages against Defendants. See id. at ¶ 51.

The Court notes that the Plaintiff filed a previous complaint before this Court, Civil No. 06-1491(GZS-BJM). The original complaint in said case only included the United States of America and its Customs and Border Protection Department as defendants. No "John Doe" defendants were included. Therein, the Plaintiff alleged that the United States wrongfully terminated and discriminated against him because he filed for bankruptcy and because of the false accusations against him regarding the incident described above. The Plaintiff also complained that his supervisors made discriminatory and defamatory comments against him thereby causing him damages. See Civil No. 06-1491(GZS-BJM), Docket No. 1. Muñiz and Torres were added as co-defendants in this previous case in an amended complaint filed on July 16, 2007. See Civil No. 06-1491(GZS-BJM), Docket No. 42. Thereafter, on June 13, 2008, the Plaintiff filed a notice of voluntary dismissal without prejudice of his

CIV. NO. 09-1524 (PG)                                                    Page 3

claims against co-defendants Muñiz and Torres. See Civil No. 06-1491(GZS-BJM), Docket No. 114.

Now before the Court is co-defendant's Muñiz's motion requesting the dismissal of the claims against him on the following grounds: (1) that the Plaintiff's claims are time-barred; (2) the he fails to state claims upon which relief can be granted. See Docket No. 46. Muñiz also argues in his motion that even though co-defendant Torres is in default, the claims against him should also be dismissed on the same grounds. See id.

## II. STANDARD OF REVIEW

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief. … This short and plain statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir.2009) (internal citations and quotation marks omitted).

Motions to dismiss brought under FED.R.CIV.P. 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir.1994). When ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir.2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998)).

Courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir.2008) (internal citations and quotation marks omitted). "Yet [the court] need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009)). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations, … , a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do … ."

CIV. NO. 09-1524 (PG)                                                Page 4

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

Moreover, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has … held that to survive a motion to dismiss, a complaint must allege a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir.2007) (citing Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

### III. DISCUSSION

**A. Limitation Period and Accrual Rules in Section 1983 and Section 1985 Claims**

Claims under Section 1983 borrow the forum state's statute of limitations for personal injury claims, which in Puerto Rico is one year. See Santana-Castro v. Toledo-Davila, 579 F.3d 109, 114 (1st Cir.2009) (citing Rodríguez-García v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir.2004); P.R. Laws Ann. tit. 31, § 5298(2)). Nevertheless, "[w]hile we look to Puerto Rico law to determine the applicable prescriptive period, federal law determines the date on which the claim accrued." Santana-Castro, 579 F.3d at 114 (internal citations and quotation marks omitted). "Under federal law, a § 1983 statute of limitations ordinarily accrues when the aggrieved person knows, or has reason to know, of the injury on which the action is based." Cao v. Puerto Rico, 525 F.3d 112, 115 (1st Cir.2008) (quoting Carreras-Rosa v. Alves-Cruz, 127 F.3d 172, 174 (1st Cir.1997)) (quotation marks omitted).

With regards to an action for malicious prosecution, the First Circuit Court of Appeals has held that it "does not accrue until the termination of the criminal proceedings," Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir.2001) (quoting Heck v. Humphrey, 512 U.S. 477, 489 (1994)). As to Section 1985 conspiracy claims, the First Circuit has stated that in the context of a continuing conspiracy to violate civil rights, the statute of limitations runs

separately from the occurrence of each civil rights violation that causes actual damage to the plaintiff (as long as the plaintiff knows or should have known of the injury)." Nieves, 241 F.3d at 51 (citing Hernandez Jimenez v. Calero Toledo, 576 F.2d 402, 404 (1st Cir.1978)). "It does not run from the date of the last overt act. Thus, the claims for conspiracy to deprive plaintiff of [his] civil rights under § 1985 are essentially treated identically to claims under § 1983." Salcedo v. Town of Dudley, 629 F.Supp.2d 86, 99 (D.Mass. 2009) (quoting Nieves, 241 F.3d at 51).

In the present claim, Plaintiff alleges that Muñiz and Torres were the state police officers who actively participated in the criminal procedures against him. According to Barros, he was falsely accused on May 10, 2004 and the criminal procedures against him were finally dismissed on December 10, 2004. Drawing all reasonable inferences in the Plaintiff's favor, the Court will infer from Plaintiff's allegations in his complaint that he is raising a malicious prosecution, a conspiracy to falsely accuse and a conspiracy to maliciously prosecute claim against co-defendants Muñiz and TOrres. Based on the facts alleged, co-defendant Muñiz points out in his motion to dismiss that Plaintiff's claims began to accrue on December 11, 2004 at the latest. Since Barros' first complaint was filed on May 18, 2006 - more than seventeen (17) months after the alleged illegal acts took place -, Muñiz contends that the Plaintiff's action against him and Torres is time-barred inasmuch as it was filed outside the applicable one-year statute of limitations period, and the same was not tolled by the Plaintiff. See Docket No. 46. In his response, Barros argues that he only became aware of the fact that Muñiz and Torres acted "with malice and without probable cause" during the discovery phase of his previous claim, specifically, after receiving a Report of Investigation performed by Homeland Security. Upon learning this information, the Plaintiff claims he amended his previous claim to include Muñiz and Torres as co-defendants. See Docket No. 54.

Barros' argument is misguided. "The black-letter rule is that the statute of limitations on a malicious prosecution claim begins to run upon the termination of the antecedent criminal proceedings." Nieves, 241 F.3d at 51. Thus, pursuant to the applicable law, Plaintiff's claims of malicious prosecution, as well as all of his conspiracy claims, began to accrue on December 11, 2004 at the latest. See Calero-Colon v. Betancourt-Lebron, 68 F.3d 1, 4 (1st Cir.1995) (civil rights claims pursuant to § 1983 that arose from arrest of claimants pursuant to warrant predicated on false allegations

CIV. NO. 09-1524 (PG)                                                    Page 6

and subsequent prosecutions more closely resembled common law tort of malicious prosecution; such claims accrued when prosecutions ended in acquittals).

Moreover, as the First Circuit Court of Appeals has "time and again repeated, the accrual date for a § 1983 action is simply the date when the potential plaintiff knew or should have known that [he] was harmed." Cao, 525 F.3d at 115. The criminal proceedings against Plaintiff lasted seven (7) months: from May until December of 2004. By the time the charges against him were dismissed, Barros had, or should have had, the required knowledge. Accordingly, Plaintiff's causes of action against both Muñiz and Torres expired approximately five months before he filed his first complaint, Civil Case No. 06-1491(GZS-BJM). As a result, this Court finds that Plaintiff's claims are untimely, and thus, the pending motion to dismiss (Docket No. 46) is hereby **GRANTED**.

**B. Supplemental Claims**

The remainder of Plaintiff's claims are grounded on Puerto Rico law. "A district court retains the discretion, however, to decline to exercise supplemental jurisdiction where the district court has dismissed all claims over which it had original jurisdiction." Marrero-Gutierrez v. Molina, 491 F.3d 1, 7 (1st Cir.2007) (citing 28 U.S.C. § 1367(c)(3); Rodriquez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir.1995)). Having dismissed all federal law claims, we will not exercise supplemental jurisdiction over the state law claims. Therefore, Plaintiff's claims arising from Puerto Rico law are hereby **DISMISSED WITHOUT PREJUDICE**.

### IV. CONCLUSION

For the reasons stated above, the motion to dismiss (Docket No. 46) is hereby **GRANTED,** and therefore, plaintiff Barros' Section 1983 and Section 1985 claims against the remaining co-defendants Jose Muñiz and Jesus Torres de Leon are hereby **DISMISSED WITH PREJUDICE**. Barros' supplemental state law claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, May 3, 2010.

                                              S/ JUAN M. PEREZ-GIMENEZ
                                              JUAN M. PEREZ-GIMENEZ
                                              U.S. DISTRICT JUDGE